**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

MARIE PIOMBINO,
Plaintiff-Appellant,

v.

GTE GOVERNMENT SYSTEMS
CORPORATION,
Defendant-Appellee.

No. 96-1878

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, District Judge.
(CA-95-1452-A)

Submitted: June 24, 1997

Decided: September 9, 1997

Before MURNAGHAN, NIEMEYER, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Alan S. Shachter, Manassas, Virginia, for Appellant. David J. Cyna-
mon, Maureen B. Beahn, SHAW, PITTMAN, POTTS & TROW-
BRIDGE, Washington, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Marie Piombino appeals from the district court's order granting summary judgment in favor of the Defendant in her employment discrimination claims. We affirm.

Piombino alleges that she received less pay than similarly situated male employees in violation of the Equal Pay Act (EPA) and Title VII. She also claims that she was terminated on account of her gender in violation of Title VII.

To succeed on a claim under the EPA, a plaintiff must demonstrate that "an employer pays different wages to employees of opposite sexes for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions." Corning Glass Works v. Brennan, 417 U.S. 188, 195 (1974) (internal quotation marks omitted). We find that Piombino failed to provide sufficient evidence showing that the male employees she seeks to compare herself to were performing jobs of equal skill and responsibility.* Accordingly we affirm the district court's grant of summary judgment as to this claim. As to Piombino's Title VII claim regarding an alleged disparity in pay, we find that this claim mirrors her EPA claims and fails for the same reason.

Turning to Piombino's termination claim, we note that Piombino's position with her employer was eliminated as part of a reduction in force. To establish a prima facie case for gender discrimination in a reduction in force context, Piombino must demonstrate that: (1) she was protected under Title VII; (2) she was selected for discharge from a larger group of candidates; (3) she was performing at a level substantially equivalent to the lowest level of those of the group retained; and (4) the process of selection produced a residual work force of persons in the group containing some unprotected persons who were performing at a level lower than that at which she was performing. See Mitchell v. Data General Corp., 12 F.3d 1310, 1315 (4th Cir. 1993).

_____

*We further note that some of the comparative males had greater seniority than Piombino.

Piombino has offered no proof regarding anyone's performance level at the time of the reduction in force, and accordingly she has not demonstrated the third and fourth elements of the required prima facie case. We further note that Piombino's employer has offered a legitimate nondiscriminatory reason for her discharge--elimination of her position--and has explained that Piombino's position was chosen because her work could be done elsewhere. Piombino has not presented sufficient evidence to raise a genuine issue as to whether this proffered reason was in fact a pretext for gender discrimination, and accordingly we find the district court's grant of summary judgment appropriate. We therefore affirm.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3